## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| VON SCOTT,                         ) | |
|              **Plaintiff**          ) | |
| v.                                 ) | No. 2:23-cv-00193-JDL |
| CARRINGTON MORTGAGE                 ) | |
| SERVICES LLC,                       ) | |
|              **Defendant**         ) | |

## RECOMMENDED DECISION ON MOTION TO REMAND

In April 2023, Von Scott filed a pro se complaint against Carrington Mortgage Services LLC in state court seeking to overturn a 2022 state-court foreclosure judgment concerning real property located at 428 Merrow Road in Auburn. *See* ECF Nos. 5-2, 10-1.   Scott claims title to the property as the heir of Jamie Davis, whose estate was the defendant in the state-court foreclosure action. *See* ECF No. 5-2 at 2; ECF No. 10-2 at 1.  He requests that the foreclosure judgment be declared "void" and that he be awarded treble damages because Carrington "has never lawfully or legally proven ownership and or possession or produced evidence of" a genuine note and mortgage. *See* ECF No. 5-2 at 5-6.  Carrington removed the matter to this Court based on diversity jurisdiction. *See* ECF No. 1.  Thereafter, Scott filed a motion to remand. *See* ECF No. 9.

After considering the parties' arguments, *see* ECF Nos. 9, 14, 17, and the circumstances of this case, I conclude that this Court lacks subject matter jurisdiction over this case under the *Rooker-Feldman* doctrine, which precludes lower federal

1

courts from entertaining suits where a state-court loser complains of an injury caused by a final state-court judgment and seeks "review and rejection of that judgment." *Tyler v. Sup. Jud. Ct. of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) (cleaned up); *see id.* ("The idea is that . . . the only federal court with statutory jurisdiction to review a state court's decision is the Supreme Court, and an aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly." (cleaned up)).[1]

Although Scott was not a party to the state-court foreclosure action, the *Rooker-Feldman* doctrine still applies because he is a purported successor-in-interest to the original state-court loser.  *See* ECF Nos. 5-2, 10-1; *McCormick v. Braverman*, 451 F.3d 382, 396 (6th Cir. 2006) ("[A] federal claim that alleged injury from a state court judgment would seek review of that state court judgment, regardless if the state court loser or his privy filed the federal claim.  The district court may not entertain jurisdiction over a claim that calls for appellate review, no matter who raises that claim."); *Hartford Life Ins. Co. v. Solomon*, 910 F. Supp. 2d 1075, 1081-82 (N.D. Ill. 2012) (noting that "a state-court loser's successor-in-interest" is precluded "from pursuing a *de facto* appeal in federal court" even if the successor-in-interest "did not actively seek a federal forum for its claims").

And clearly Scott is both complaining of an injury caused by the foreclosure

---

[1] For the *Rooker-Feldman* doctrine to apply, the state court foreclosure proceedings must have ended before this case began in April 2023.  *See Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 24 (1st Cir. 2005).  Carrington asserts that the foreclosure judgment was not appealed and that it obtained clear title to the property in November 2022.  *See* ECF No. 14 at 2.  Accordingly, the state court proceedings ended before this case began.  *See Federación de Maestros*, 410 F.3d at 24 ("[I]f the state action has reached a point where neither party seeks further action, then the state proceedings have . . . 'ended.'   For example, if a lower state court issues a judgment and the losing party allows the time for appeal to expire, the state proceedings have ended.").

judgment and seeking review and rejection of that judgment.  *See* ECF No. 5-2 at 5-6. Even Carrington describes Scott's complaint as asserting a "claim for Quiet Title" and requesting a declaration "that the judgment is void." ECF No. 14 at 2, 4 (emphasis omitted).  There is no way for this Court to quiet Scott's title or otherwise afford him the relief he seeks without rejecting the state court's judgment, which puts this case squarely within the ambit of the *Rooker-Feldman* doctrine.

For these reasons, I recommend that the Court **GRANT** Scott's motion, **REMAND** this matter to state court, and **DEFER** resolution of any other pending motions for consideration by the state court on remand.  *See, e.g.*, *Kromer v. McNabb*, 308 F.2d 863, 865 (10th Cir. 1962) (noting that when a case is remanded to state court, "it should remain intact" and that "the better practice" is for the district "court not to dispose of other pending motions at all, but to remand with the motions pending").

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: December 15, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge